1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    United States of America,                         No. 1:20-cr-00049-NONE-SKO-1

12                      Plaintiff,                       ORDER

13          v.

14    Vincent Campos,

15                      Defendant.

16

17          Defendant Vincent Campos pled guilty to charges of distribution of methamphetamine,

18    21 U.S.C. § 841(a)(1) (counts one through five) and possession with intent to distribute

19    methamphetamine, 21 U.S.C. § 841(a)(1) (counts six and seven).  He objects to reassignment of

20    his case for sentencing under Federal Rule of Criminal Procedure 25(b), arguing that his

21    sentencing should proceed before the same judge who accepted his guilty plea.  **The motion is**

22    **denied**, as explained below.

23    I.      **BACKGROUND**

24          The government charged Mr. Campos with distribution of methamphetamine, in violation

25    of 21 U.S.C. § 841(a)(1) (counts one through five) and possession with intent to distribute

26    methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (counts six and seven).  *See generally*

27    Indictment, ECF No. 13.  These charges were based on his alleged involvement in the unlawful

28    sale of methamphetamine in the greater Sacramento area.  Presentence Rep. (PSR) ¶¶ 11–17,

1

1  ECF No. 68 (sealed).  Mr. Campos had several telephonic conversations in which he negotiated

2  with customers to exchange approximately 223 grams of methamphetamine for $1,000.  *Id.* ¶¶

3  14–17; *see also* Plea Agreement, Factual Basis at 12, ECF No. 62.  On February 13, 2020, he was

4  arrested, then released and placed on bond.  *See* ECF Nos. 5 & 55.  Shortly thereafter, the parties

5  stipulated to modify the terms of Mr. Campos' pretrial release due to medical concerns.  *See* Stip.

6  ECF No. 39.  On April 23, 2021, the U.S. Pretrial Services Officer assigned to his case filed a

7  violation petition alleging defendant had not complied with pretrial release conditions requiring

8  periodic drug testing.  *See* ECF No. 56.  On April 26, 2021, defendant was arrested and detained

9  on this alleged violation.  *See* ECF No. 61.

10      A week later defendant pled guilty before District Judge Dale A. Drozd, who is

11  temporarily covering this case and others comprising the "NONE" caseload previously carried by

12  former Chief District Judge Lawrence J. O'Neill.  *See* ECF No. 66; *see also* ECF No. 19

13  (standing order issued in light of judicial emergency noting "[u]ntil new judges arrive, [Judge

14  Drozd] will preside as the district judge" in cases for which the presiding judge is designated as

15  "NONE").  As noted, Mr. Campos pled guilty to five counts of distribution of methamphetamine

16  and two counts of possession with intent to distribute methamphetamine.  *See generally* Plea;

17  Change of Plea Hr'g Tr., ECF No. 76.  The case was set for sentencing on  July 30, 2021, ECF

18  No. 66 (sentencing minutes), and then continued to August 13, 2021, ECF No. 70.  On August 6,

19  defendant filed a sentencing memorandum requesting a custodial sentence in the range of 46 to 57

20  months.  *See* ECF No. 71.  The government also filed a sentencing memorandum, requesting the

21  court impose a custodial sentence in the range of 100 to 125 months.  *See* ECF No. 72.  The

22  Probation Officer recommended a custodial sentence based on a guidelines range of 121 to 151

23  months.  *See* PSR at 4.

24      On August 9, 2021, the undersigned notified the parties that due to the ongoing judicial

25  emergency in the Eastern District of California and the extreme press of the two caseloads Judge

26  Drozd is covering, one only temporarily, this case would be reassigned to District Judge Troy L.

27  Nunley for sentencing on Tuesday, August 17.  *See* Min. Order, ECF No. 73.  Defense counsel

28  objected in communications with the courtroom deputy, and the court set a briefing schedule.  *See*

1   ECF No. 75.  Defendant submitted his motion with a request to file it under seal.  *See* Req., ECF

2   No. 77[1]; Mot., ECF No. 81 (sealed).  The government did not file any opposition.  The court

3   resolves the motion below.

4   **II.   LEGAL STANDARD**

5       Federal Rule of Criminal Procedure 25(b) governs reassignment of cases, providing,

6           If by reason of absence, death, sickness or other disability the judge
7           before whom the defendant has been tried is unable to perform the
8           duties to be performed by the court after a verdict or finding of
9           guilt, any other judge regularly sitting in or assigned to the court
10          may perform those duties . . .

11  Fed. R. Crim. P. 25(b).  "Other disability" is the most applicable textual basis for reassignment

12  here.  While the dictionary definition of "disability" reflects notions of physical, mental or legal

13  disability, Black's Law Dictionary (11th ed. 2019) (defining "disability" as "inability to perform

14  some function" or something "that prevents a person from engaging in meaningful work"), one

15  circuit court has observed that the "necessary breadth" of Rule 25(b)'s "by reason of" clause

16  "embraces the ground of substantial delay," *United States v. Colon-Munoz*, 318 F.3d 348, 355

17  (1st Cir. 2003).  Assuming a case is properly reassigned, a judge other than the trial judge may

18  conduct the sentencing once the new judge determines he is competent to take over those duties.

19  *See* Fed. R. Crim. P. 25(b)(1); *United States v. Larios*, 640 F.2d 938, 942 (9th Cir. 1981).  This

20  means the sentencing judge must be familiar enough with the case to be able to assign the

21  appropriate sentence.  *See Larios,* 640 F.2d at 942; *U.S.A. v. Syjuco*, No. 12-00037, 2014 WL

22  12708971, at *2 (C.D. Cal. July 7, 2014).  Practically speaking, once a case is reassigned by the

23  Chief Judge, E.D. Local R. 123(c), and the reassignment effected, then the new judge makes the

---

[1] The court, having considered the defendant's representations in his request to seal, the contents of the brief in support of his motion and the supporting exhibits, finds good cause to **grant in full** defendant's request to seal.  *See* ECF No. 80.  While the request is not fully compliant with Local Rule 141(b), requiring such a request to, among other things, "set forth the statutory or other authority for sealing," the documents covered by defendant's request on their face contain attorney client work product and reference attorney client communications, and the exhibits comprise court documents containing confidential information or transcripts sealed on the court's docket.

1   required determination.  Nothing prevents a party from making motions before the new judge as a

2   party deems appropriate.

3        It also bears noting that this court's Local Rules provide in pertinent part that

4            the Chief Judge may make such other assignments, reassignments
5            or related orders as are conducive to the equitable division and just,
6            efficient and economical determination of the business of the Court.

7   E.D. Cal. Local Rules, Appendix A (f)(4).

8   **III.   DISCUSSION**

9        Mr. Campos argues the reassignment of the case to Judge Nunley does not meet the "by

10  reason of" requirement of Rule 25(b) because the judicial crisis in the Eastern District provided as

11  the reason for reassignment does not satisfy one of the prerequisites recognized by the rule.  Mot.

12  at 8 (sealed) (citing Fed. R. Cr. P. 25 (b)(1) (crisis does not satisfy "absence, . . . sickness, or other

13  disability.")).  Defense counsel also argues had they known the case would be reassigned, counsel

14  "would have likely made a different decision when deciding whether to resolve the case with a

15  plea agreement."  Mot. at 13; Sasso Decl. ¶¶ 2–12, ECF No. 81-2 (sealed).  In particular, she

16  would have made different decisions "to build the most salient [18 U.S.C.] § 3553 record

17  responsive to the particular concerns of the assigned sentencing judge."  *Id.*; Lee Decl. ¶¶ 2–9,

18  ECF No. 81-3 (sealed).

19       The defense relies on *United States v. Harris*, 679 F.3d 1179, 1182 (9th Cir. 2012),

20  to argue a court's being "in turmoil" does not constitute a reason for reassignment of a case under

21  Rule 25(b).  Mot. at 9.  In *Harris*, the case proceeded to sentencing after a jury found defendant

22  guilty of assault on a federal officer.  *Id.* at 1181.  The trial judge did not preside over defendant's

23  sentencing; rather, a visiting judge read the PSR in that case and defendant's objections to it and

24  was "generally familiar with the record" when that judge sentenced defendant.  *Id.*  The Circuit

25  held Rule 25(b) "assumes it to be important that sentencing be done by the judge who presided at

26  trial . . . because only that judge has had the opportunity to observe every aspect of the trial and to

27  take into account in sentencing what has been observed."  *Id.* at 1183 (internal quotations

28  omitted).

4

1        Unlike the defendant in *Harris*, Mr. Campos did not proceed to trial and so Judge Drozd

2   did not have the opportunity to observe the government's case, any defense case, and all the

3   evidence that would have been presented during a jury proceeding.  Rather, Judge Drozd's

4   familiarity with the case is based solely on his taking defendant's plea, which is no small matter

5   but nonetheless often does little to develop the nature of a case.  During sentencing, the record

6   reflects that Judge Drozd faithfully followed the colloquy required by Federal Rule of Criminal

7   Procedure 11.  Hr'g Tr. at 4–15.  Judge Drozd accepted defendant's guilty plea to counts one

8   through five, "distribution of five grams or more of actual methamphetamine and 50 grams or

9   more of a mixture or substance containing a detectable amount of methamphetamine."  *Id.* at

10  10:4–25 (noting methamphetamine is a Schedule II-controlled substance).  For counts six and

11  seven, Judge Drozd also accepted defendant's guilty plea to intent to distribute 50 grams or more

12  of actual methamphetamine and 500 grams or more of a mixture substance or substance

13  containing a detectable amount of methamphetamine."  *Id*. at 11:17–25.  During the colloquy,

14  Judge Drozd caught a typographical error in the indictment, which was corrected on the record.

15  *Id*. at 10:11-11:22.  In accepting the factual basis for the plea, Judge Drozd relied solely on

16  defendant's cursory agreement with the facts provided with the plea, without probing or

17  questioning them in any detail.  *Id.* at 16:21-17:4.

18       Moreover, the unavailability of Judge Drozd for sentencing is due to the legal "disability"

19  caused by the ongoing judicial emergency in this District, which has its worst-case manifestation

20  in the Fresno courthouse.  With the court's two vacancies now nearing two years, each active

21  district judge is actually averaging 1,860 total cases.  *See* Federal Court Management Statistics.[2]

22  In the Fresno courthouse, given the two caseloads he has been attempting to cover, one on a

23  temporary interim basis since February 2020, Judge Drozd's total effective caseload is 2,340, of

24  which roughly 684 are pending criminal cases.  *See generally* ECF No. 19.  It is simply not

25  sustainable for one judge to carry this number of cases.  The undersigned finds the impact of

26  Judge Drozd's total effective caseload satisfies the requirement of a legal disability to support

---

[2] https://www.uscourts.gov/statistics-reports/analysis-reports/federal-court-management-statistics, visited Sept. 6, 2021.

5

1    reassignment of this criminal case under Rule 25(b).  Notwithstanding his own heavy caseload,

2    Judge Nunley is willing to act as a modest safety valve in accepting reassignment of some cases.

3    The second clause of Rule 25(b) affords Judge Nunley as successor judge broad discretion to

4    determine whether he has sufficient familiarity with the case in order to properly perform the

5    solemn duties of a sentencing judge.  *See United States v. Spinney*, 795 F.2d 1410, 1413 (9th Cir.

6    1986) (where trial judge was absent by time of sentencing, "no abuse of discretion when the

7    sentencing judge is familiar with the case and uses informed discretion in passing sentence"

8    (citations omitted)).  In the event Judge Nunley determines he is insufficiently familiar with the

9    case, he may take additional steps to familiarize himself with the case, allow further development

10   of the record with respect to 3553 factors, and otherwise ensure he is in a position to impose an

11   appropriate sentence.  *See Larios,* 640 F.2d at 942; *U.S.A. v. Syjuco*, No. CR 12-00037, 2014 WL

12   12708971, at *2 (C.D. Cal. July 7, 2014).  With the issuance of this order, and the knowledge that

13   the case remains before Judge Nunley for sentencing, the defense may engage in motion practice

14   as appropriate and consistent with Federal Rule of Civil Procedure 11.  If ultimately Judge

15   Nunley determines he is unable to perform his duties consonant with Rule 25, he may notify the

16   undersigned who will consider how to further reassign the case.

17        Finally, the court notes the reassignment of this case for sentencing purposes to Judge

18   Nunley is provided for, and fully consistent with, the authority of the undersigned as Chief Judge

19   to reassign cases as "conducive to the equitable division and just, efficient and economical

20   determination of the business of the Court."  E.D. Cal. Local Rules, Appendix A (f)(4).

21        For these reasons, the court **denies** Mr. Campos' motion.

22        This order resolves ECF Nos. 81 & 77.

23        IT IS SO ORDERED.

24   DATED:  September 27, 2021.

25

                                        _____
                                        CHIEF UNITED STATES DISTRICT JUDGE